U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 14 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

---

PRAETORIAN SPECIALTY
INSURANCE CO.

versus

CIVIL NO. 09-0318
JUDGE TOM STAGG

STATE FARM FIRE & CASUALTY
CO., ET AL.

---

## MEMORANDUM RULING

Before the court are two uncontested motions filed by the plaintiff, Praetorian Specialty Insurance Company ("Praetorian"). See Record Documents 16 and 18. In both motions, Praetorian seeks a judicial declaration that it "has no defense, coverage, or indemnity obligations under policy number PSILA001389 for the claims, losses and damages alleged in, and arising from the alleged facts that are the subject of the Underlying Suit." Id. Based on the following, Praetorian's motions for summary judgment and default judgment are **GRANTED**.

## I. BACKGROUND

On February 26, 2009, Praetorian filed a diversity suit against State Farm Fire and Casualty Company ("State Farm"), Catherine Brumwell ("Mrs. Brumwell"), Matthew Brumwell ("Mr. Brumwell"), Gregory Norsworthy ("Norsworthy") and Norsworthy Construction Co. Inc. ("Norsworthy Construction"). See Record Document 1. The litigation arose after a fire erupted at the Brumwells' residence in

Lake Charles, Louisiana. State Farm investigated the fire and determined that a Norsworthy Construction subcontractor negligently installed a heating ventilation air conditioning ("HVAC") system by driving a staple through a 240-volt cable. State Farm determined that the error eventually caused the fire.

After paying for the repairs, State Farm filed a subrogation suit (the "underlying" suit) against Jimmy Bosley, Kathleen Bosley, Norsworthy, and Norsworthy Construction to recover the amount it paid in repairs. In the underlying suit, State Farm generally asserts claims of negligence for the improper installation of the HVAC system. See Record Document 16, Ex. B.

Prior to the fire, Praetorian had issued a commercial general liability policy to Norsworthy Construction. See id., Ex. A. The policy, which describes Norsworthy Construction as a "Grading Of Land Contractor," specifically limits coverage to excavation and grading of land operations. Praetorian contends that a plain reading of the policy excludes it from any defense and indemnity obligation for the underlying suit. See Record Document 16 at 2. Although State Farm and the Brumwells filed an answer to the complaint, none of the defendants filed an opposition to Praetorian's motions for summary judgment and default judgment.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

All facts and inferences are viewed in the light most favorable to the non-moving party, and all reasonable doubts are resolved in that party's favor. See Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990). If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. See id.

B.      Duty To Defend And Indemnify.

"Under Louisiana law, an insurer's duty to defend suits brought against an insured 'is broader than [its] duty to indemnify' the insured." Lamar Adver. Co. v. Cont'l Cas. Co., 396 F.3d 654, 660 (5th Cir. 2005).[1] Courts should compare the allegations in the complaint with the terms of the policy and if there are any facts in the complaint that support a claim for coverage, the insurer must defend the insured.

---

[1] This diversity case is governed by Louisiana substantive and choice of law rules. See Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817 (1938).

See id.

## C.   The Petition And The Policy.

As mentioned above, the underlying suit generally involves claims by State Farm against Norsworthy Construction for negligently installing electrical wiring, failing to properly supervise a subcontractor, and negligently installing the HVAC system. There are no claims regarding the excavation and grading of land. See Record Document 16, Ex. B.

The policy contains a classification limitation which reads as follows: "Coverage under this policy is specifically limited to those operations described by the classification(s) in the commercial general liability coverage. This policy does not apply to any operation not specifically listed in the commercial general liability coverage or endorsed hereon." Record Document 16, Ex. A. at 45. After careful review of the petition and the policy, it is evident that the policy does not cover the installation of electrical wiring and the HVAC system in a personal residence. Praetorian does not have a duty to defend or indemnify Norsworthy Construction for any damages arising from the underlying suit. See Lamar Adver., 396 F.3d at 660.

## III.  CONCLUSION

Based on the foregoing analysis, there is no genuine issue as to any material fact and Praetorian is entitled to a judgment as a matter of law. Praetorian has no defense, coverage, or indemnity obligations under policy number PSILA001389 for any claims, losses, or damages arising from the underlying suit. To the extent that Norsworthy and Norsworthy Construction failed to appear in the action, Praetorian is entitled to a default judgment against them for the same relief. Accordingly,

Praetorian's motion for summary judgment (Record Document 16) is **GRANTED** and its motion for default judgment (Record Document 18) is **GRANTED**.

A judgment consistent with the terms of this memorandum ruling will issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 10th day of September, 2009.

JUDGE TOM STAGG